[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband and the defendant wife were married on October 22, 1977, in West Haven, Connecticut. There are two children issue of this marriage, to wit: Marisa DiMicco, born July 4, 1980; and Vincent DiMicco, born June 20, 1985.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
The parties have agreed that they should have joint custody of the minor children; that the principal residence of the children should be with the defendant wife; and that the plaintiff husband should have reasonable rights of visitation. It is so ordered.
In addition, the court has taken into consideration all of the factors contained in 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes and further orders as follows:
1. All of the right, title and interest of the plaintiff husband in and to the real property known as 14 Botte Drive, New Haven, Connecticut, is hereby assigned to the defendant wife, subject only to the existing first mortgage which shall be her sole obligation and she shall indemnify and hold the plaintiff husband harmless therefrom. The second mortgage in the approximate amount of $25,000 and any other liens and/or attachments against said property as of the date hereof shall be the sole obligation of the plaintiff husband and he shall indemnify and hold the defendant wife harmless therefrom. In the event the defendant wife should wish to dispose of said property and a closing is scheduled, and if said second mortgage, liens and/or attachments shall have not then been released, the plaintiff husband shall provide to the defendant wife such release CT Page 2565 in time for such closing I provided he has received at least 60 days prior notice.
2. All of the right, title and interest of the plaintiff husband in and to the real property in Deltona, Florida, is hereby assigned to the defendant wife, subject to such encumbrances as of record appears, which encumbrances shall be the sole obligation of the defendant wife and she shall indemnify and hold the plaintiff husband harmless therefrom. To effect this transfer, the plaintiff husband shall deliver to the defendant wife a quitclaim deed of such interest within 30 days of the date hereof.
3. All of the right, title and interest of the defendant wife in and to the following real property is hereby assigned to the plaintiff husband, subject to such encumbrances as of record appear, which encumbrances shall be the sole obligation of the plaintiff husband and he shall indemnify and hold the defendant wife harmless therefrom:
(a) 70 Wolcott Street, New Haven, Connecticut;
(b) 65 Wolcott Street, New Haven, Connecticut;
(c) 48 Wolcott Street, New Haven, Connecticut;
(d) 66 Wolcott Street, New Haven, Connecticut;
(e) 14 Wolcott Street, New Haven, Connecticut;
(f) 187 Exchange Street, New Haven, Connecticut;
(g) 143-145 Poplar Street, New Haven, Connecticut;
(h) 131 Richard Street, New Haven, Connecticut.
4. The plaintiff husband shall pay to the defendant wife the sum of $115.00 per week for the support of each of the minor children until such child reaches the age of majority or is sooner emancipated. Said sum shall be payable by way of an immediate wage withholding. This order is not based on the income shown on the financial affidavit of the plaintiff husband filed with this court on May 25, 1990, but on what the court, after hearing all of the evidence, has determined to be the earning capacity of the plaintiff husband.
5. The plaintiff husband shall pay to the defendant wife the sum of $75.00 per week as alimony until the death of the plaintiff husband, the death or remarriage of the defendant wife, or October 1, 1995, whichever event shall first occur. CT Page 2566
6. The plaintiff husband shall maintain health insurance for the benefit of the minor children, equivalent to Blue Cross, Blue Shield and major medical. In addition, all uninsured medical, dental, orthodontic, ophthalmic, psychological and psychiatric expenses incurred on behalf of the minor children, shall be paid equally by the plaintiff husband and the defendant wife; provided, however, that except in the case of an emergency, no such expense for which the plaintiff husband might be liable shall be incurred without his prior consent, which consent shall not be unreasonably withheld. This order shall be subject to the provisions of 46b-84(c) of the Connecticut General Statutes.
7. Pursuant to the pendente lite order of this court, entered on March 8, 1989 (Gordon, J.), the plaintiff husband was to pay the mortgage, taxes and insurance on the family home at 14 Botte Drive; all reasonable utilities; all automobile insurance and all reasonable medical and dental expenses of the minor children and the defendant wife. Any such expenses that have not been paid or have been paid by the defendant wife, shall be paid or reimbursed to the defendant wife, as the case may be, within 60 days of the date hereof.
8. All of the contents of the family home 14 Botte Drive shall be the sole and exclusive property of the defendant wife, except for any clothing or personal belongings of the plaintiff husband.
9. All of the right, title and interest of the plaintiff husband in and to the 1985 Lincoln Town Car is hereby assigned to the defendant wife. The plaintiff husband shall promptly execute all documents necessary to effect such transfer, and the defendant wife shall be responsible for and hold the plaintiff husband harmless from any loans due on said vehicle.
10. The plaintiff husband shall maintain insurance on his life in the face amount of not less than $30,000 and shall name the children as beneficiaries thereof during their minority.
11. The 1988 IRS refund check shall be the sole property of the plaintiff husband, but may be used for no other purpose than to discharge the plaintiff husband's obligations under paragraphs 1 and 7 hereof.
12. The purpose of the indemnity provisions contained in paragraphs 1, 3 and 13 hereof, is to provide for the future support of the defendant wife and therefore should not be dischargeable in bankruptcy.
13. Except as expressly provided herein, all of the liabilities shown on the financial affidavits of the parties filed CT Page 2567 with this court and dated May 25, 1990, shall be the sole obligation of the party upon whose affidavit said liability appears, and they shall indemnify and hold the other party harmless therefrom.
14. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court and dated May 25, 1990, shall be the sole and exclusive property of the party upon whose affidavit such property appears.
15. Each party shall be responsible for his or her attorney's fees and costs incurred in this action.
FREDERICK A. FREEDMAN, JUDGE.